UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 2 2012

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| v. | § | CRIMINAL No. H 12 -93 |
| | § | |
| DEVIN RAY FINKE | § | UNDER SEAL |

Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

UNSEALED PER ARREST

**INDICTMENT**

THE GRAND JURY CHARGES:

<u>Count One</u>
(Conspiracy to Encourage and Induce Illegal Immigration)

A.  **INTRODUCTION**

At all times material to this Indictment:

**The Defendant**

1.  American International Labor Services ("AILS") was a company based in Houston, Texas, that advertised itself as primarily engaged in the procurement of visas for U.S. companies seeking to hire foreign workers.

2.  DEVIN RAY FINKE was the Chief Executive Officer of AILS who controlled the company's day-to-day operations.

**The H-2B Visa Program**

3.  An "alien" is any person who is not a citizen or national of the United States.

4.  A "non-immigrant visa" provides an alien with a temporary stay in the

United States, as opposed to an "immigrant visa," which is issued for permanent residence in the United States.

5. Effective March 1, 2003, the Department of Homeland Security ("DHS") assumed responsibility of the duties previously performed by the Immigration and Naturalization Service. Under DHS, there are three sub-agencies having immigration functions: Customs and Border Protection ("CBP"); Citizenship and Immigration Services ("CIS"); and Immigration and Customs Enforcement ("ICE").

6. An H-2B visa is a category of non-immigrant visa that allows U.S. employers to hire alien workers for temporary non-agricultural work if the employer can demonstrate that there are no qualified U.S. workers to perform the jobs and that hiring alien workers will not adversely affect local wages. Only 66,000 H-2B visas may be issued per year under this program (the "H-2B Visa Program").

7. The U.S. Department of Labor ("DOL") Form ETA 750, Application for Alien Employment Certification, is a document that an employer seeking to hire alien workers under the H-2B Visa Program must file with the state workforce agency serving the area of proposed employment, and which must be subsequently approved by DOL prior to the issuance of any H-2B visas for the employer's alien workers.

8. The DHS Form I-129, Petition for a Nonimmigrant Worker, is a

2

petition submitted to DHS-CIS by an alien's employer (the "petitioner") after approval of the ETA 750 to obtain a non-immigrant visa, such as an H-2B visa, for an alien (the "beneficiary") to temporarily work in the United States.

### B. THE CONSPIRACY

9. Beginning in or about November 2005 and continuing through in or about March 2009, in the Southern District of Texas and elsewhere, the defendant,

**DEVIN RAY FINKE**

did knowingly combine, conspire, confederate and agree with other persons known and unknown to the grand jury to commit and to aid and abet the commission of an offense against the United States, that is, to encourage and induce aliens to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that the coming to, entry and residence in the United States by the aliens was in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

### C. MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

10. One or more conspirators would and did solicit various companies, including but not limited to Rojas Contractors, Inc., River Rock Landscaping, Inc., Greenville Car Wash, and Benny's Car Wash (collectively referred to as "the Companies") concerning the need for foreign workers.

11. One or more conspirators would and did meet with representatives of the Companies, either in person or by phone, to explain AILS's expertise in procuring workers under the H-2B Visa Program.

12. One or more conspirators would and did misrepresent to the representatives of the Companies that it was necessary to request significantly more foreign workers on the ETA 750 application and Form I-129 than actually needed by the Company.

13. One or more conspirators would and did cause to be submitted multiple ETA 750 applications to the DOL seeking approval for the Companies to hire foreign workers under the H-2B Visa Program that falsely represented the number of foreign workers needed.

14. One or more conspirators would and did cause to be submitted multiple I-129 Petitions to DHS-CIS (the "Petitions") that falsely represented the number of foreign workers that would work at the Companies upon being granted H-2B visas.

15. One or more conspirators would and did arrange for the recruitment of aliens in Mexico to apply for H-2B visas issued under at least two Petitions approved by DHS-CIS.

16. One or more conspirators would and did travel to Mexico to collect

the fees paid by the Mexican aliens for the H-2B visas obtained under the Petitions, and then returned to Houston, Texas, where the proceeds were deposited into bank accounts controlled by FINKE.

17. One or more conspirators would and did arrange for the transportation of aliens by bus from Mexico to Houston, Texas, where the vast majority of the aliens were dismissed without further arrangement for their employment.

### D. OVERT ACTS

18. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of Texas and elsewhere:

    (a) On or about November 28, 2005, FINKE registered AILS to conduct business in Harris County, Texas.

    (b) On or about May 25, 2007, FINKE caused to be prepared and signed a I-129 Petition for Rojas Contractors, Inc.

    (c) On or about July 12, 2007, FINKE caused to be prepared and signed a I-129 Petition for River Rock Landscape, Inc.

    (d) On or about December 7, 2007, FINKE traveled from Houston, Texas, to Monterey, Mexico.

    (e) On or about December 11, 2007, a co-conspirator entered the United States from Mexico with $35,011 in currency.

(f) On or about December 12, 2007, FINKE caused $50,000 of currency to be deposited into Bank of America Account # xxxx xxxx 0950.

(g) On or about April 13, 2008, FINKE traveled from Houston, Texas, to Monterey, Mexico.

(h) On or about May 8, 2008, FINKE caused $50,000 of currency to be deposited into Bank of America Account # xxxx xxxx 0950.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## Count Two
(Visa Fraud)

19. Section A of Count One of the Indictment is re-alleged and incorporated as though fully set forth herein.

20. On or about May 25, 2007, in the Southern District of Texas, the defendant

**DEVIN RAY FINKE**

did knowingly present to the United States Department of Homeland Security, Citizenship and Immigration Services an application, namely, a 1-129 Petition for a Nonimmigrant Worker, which failed to contain any reasonable basis in law or fact in that the application requested that visas issue for 261 workers when, in fact, the defendant knew that the petitioning employer did not have a need for 261 workers.

In violation of Title 8, United States Code, Section 1546(a).

## Notice of Criminal Forfeiture

Pursuant to Title 18, United States Code, Section 982(a)(6), the United States of America gives notice that, in the event of conviction of the offense of Title 8, United States Code, Section 1324(a)(1) as charged in Count One or Title 18, United States Code, Section 1546(a) as charged in Count Two, defendant Devin Ray Finke shall forfeit to the United States of America any property real or personal that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses of conviction, including, but not limited to, a money judgment in the approximate amount of $ 249,129.00.

Pursuant to Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461, the United States gives notice that, in the event of conviction of the offense of Title 8, United States Code, Section 1324(a)(1) as charged in Count One, defendant Devin Ray Finke shall forfeit to the United States of America the gross proceeds of such violation and any property traceable to such proceeds including, but not limited to, a money judgment in the approximate amount of $ 249,129.00.

## Forfeiture of Substitute Property

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c).

                         A TRUE BILL

                         ORIGINAL SIGNATURE ON FILE

                         _____
                         FOREPERSON

KENNETH MAGIDSON
United States Attorney

By: _____
DAVID C. SEARLE
JULIE N. SEARLE
Assistant United States Attorneys
(713) 567-9663